RECEIVED
IN ALEXANDRIA, LA

AUG 24 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD R. THOMPSON<br>LA. DOC # 98409<br>VS. | CIVIL ACTION 09-0739<br>SECTION P<br>JUDGE DRELL |
| WARDEN JIMMY SHIVERS | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Donald R. Thompson filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on April 30, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. When he filed his habeas petition he was incarcerated at the Madison Parish Correction Center; he was subsequently transferred to the Forcht-Wade Corrections Center. Petitioner attacks his 2003 adjudication as a third offender and the 10-year sentence imposed following that adjudication in the Ninth Judicial District Court, Rapides Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

## Background

Petitioner was found guilty of possession of crack cocaine in September 2003. On October 6, 2003 he was sentenced to serve three years at hard labor. On February 6, 2004 petitioner was adjudicated a third felony offender. The previous sentence was vacated and petitioner was sentenced to serve 10 years at hard labor.

Petitioner appealed arguing (1) ineffective assistance of counsel based on counsel's failure to object to habitual offender bill; and (2) excessiveness of sentence. On December 8, 2004, his conviction, adjudication, and sentence were affirmed on direct appeal to the Third Circuit Court of Appeals. <u>State of Louisiana v. Donald Ray Thompson</u>, 2004-00864 and 2004-00865(La. App. 3 Cir. 12/8/2004), 888 So.2d 1166 (Table). According to the published jurisprudence, petitioner did not seek further direct review in the Louisiana Supreme Court.

On some unspecified date he filed a *pro se* application for post-conviction relief in the Ninth Judicial District Court arguing ineffective assistance of counsel and illegal sentence. The application was denied on December 20, 2005. His subsequent application for writs was denied by the Third Circuit Court of

Appeals on August 21, 2006.

On some unspecified date petitioner filed a second *pro se* application for post-conviction relief in the Ninth Judicial District Court. That application was dismissed as time-barred on May 2, 2007. Petitioner's writ application was denied by the Third Circuit Court of Appeals for unspecified reasons. On August 22, 2008 the Supreme Court, citing La. C.Cr.P. art. 930.8 and <u>State ex rel. Glover v. State</u>, 93-2330 (La.9/5/95), 660 So.2d 1189 dismissed the writ application as untimely. <u>State of Louisiana ex rel. Donald R. Thompson v. State of Louisiana</u>, 2007-2087 (La. 8/22/2008), 988 So.2d 258.

Petitioner signed his *habeas corpus* petition on April 29, 2009; it was mailed that same date and received and filed on April 30, 2009. Petitioner argues the following claims for relief: (1) conviction obtained by the failure of the state to disclose favorable evidence, namely the use by the state of a stale predicate conviction in the habitual offender adjudication; (2) ineffective assistance of counsel for failing to object to the habitual offender bill; (3) a general violation of due process and the Sixth Amendment; and, (4) excessiveness of sentence.

***Law and Analysis***

3

## 1. Limitations - 28 U.S.C. §2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application

---

[1] Nothing in the record suggests that state created impediments delayed the filing of this petition. Nor does the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, it does not appear that the factual predicate of petitioner's claims was only recently discovered since it appears that petitioner is arguing the same claims raised on appeal and in his first application for post-conviction relief. (see 28 U.S.C. § 2244(d)(1)(C) and (D)).

4

for state post-conviction or other collateral review was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner timely appealed his conviction, adjudication, and sentence. However, he did not seek further direct review in the Louisiana Supreme Court on direct review. Therefore, for AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], in early January 2005 when the 30 day period for filing an application for writs of *certiorari* in the Louisiana Supreme Court expired.[2] Under 28 U.S.C. §2244(d)(1) petitioner had one year, or until sometime in January 2006 to file his federal *habeas* petition.

Petitioner filed an application for post-conviction relief

---

[2] See Supreme Court Rule X, §5(a) which provides, "An application seeking to review a judgment of the court of appeal... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

5

in the Ninth Judicial District Court on some unspecified date prior to December 20, 2005 and that matter remained pending until August 21, 2006 when the Third Circuit Court of Appeals denied writs. If he filed his motion prior to the expiration of the AEDPA limitations period, then, he could rely on the tolling provisions of §2244(d)(2) which provide, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Giving petitioner the benefit of every doubt, it will be assumed, for the purposes of this Report and Recommendation, that he filed his application for post-conviction relief in or before January 2005, and that he was thus able to toll limitations during the period that his application for post-conviction relief remained pending in either the Ninth Judicial District Court or the Third Circuit Court of Appeals. Under this generous (and unlikely) scenario, petitioner was able to toll limitations until August 21, 2006, so that as of that date, none of the limitations period had expired.

However, limitations began to run on August 22, 2006 since petitioner's first post-conviction application was no longer pending. Petitioner's second application for post-conviction relief, since it was denied as untimely by the Ninth Judicial

District Court and the Louisiana Supreme Court[3] cannot be considered as "properly filed" and therefore could not toll limitations pursuant to §2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408, 414-18, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(An untimely filed state post-conviction pleading is not "properly filed" so as to toll limitations under the AEDPA.)

In other words, even if petitioner is given the benefit of statutory tolling reckoned from the date his conviction became final until the date his first application for post-conviction relief was ultimately dismissed by the Court of Appeals, a period of almost three years elapsed thereafter before petitioner filed the instant petition for *habeas corpus*.

In short, the available evidence establishes that the instant petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

## 2. *Equitable Tolling*

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S.

---

[3] As noted above, the Supreme Court invoked La. C.Cr.P. art. 930.8 and State ex rel. Glover v. State in its order denying writs. Art. 930.8 provides a 2-year limitations period for filing applications for post-conviction relief; the two-year period is generally reckoned from the date of finality of judgment. In Glover, the Supreme Court held that an appellate court is not precluded from denying relief on basis of art. 930.8 even though the lower court addressed the merits of the case. State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d at 1201-02.

1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting Davis, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See Turner v. Johnson, 177 F.3d 390, 291 (5th Cir.1999); see also Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." Coleman v. Johnson, 184 F.3d 398, 402 (1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

Equitable tolling should only be applied if the applicant

8

diligently pursues § 2254 relief. <u>Scott v. Johnson</u>, 227 F.3d 260, 262 (5th Cir.2000); <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir.2000); <u>Coleman v. Johnson</u>, 184 F.3d 398, 403 (1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000).

Here, petitioner allowed a period of approximately 8 months to elapse between the Supreme Court's writ denial and the date he filed his federal suit.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of either statutory or equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.[4] A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response

---

[4] In the event petitioner objects, he should provide the date he filed his applications for post-conviction relief in the District Court and any other information which would support either statutory or equitable tolling of the limitations period.

9

to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* **Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Alexandria, Louisiana ___August 24___, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE